UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE,                      )
                    Plaintiff,     )
                                   )    No. 1:16-cv-903
-v-                                )
                                   )    Honorable Paul L. Maloney
SHERRY BURT, et al.,               )
                    Defendants.    )
                                   )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Scott Sedore is a prisoner under the control of the Michigan Department of Corrections (MDOC). His handwritten complaint names eight defendants and contains more than twenty claims. Five defendants, Corizon Inc., Barbara Bien, Suzanne Howard, John Decker, and Richard Worel (Corizon Defendants) filed a motion to dismiss. (ECF No. 39.) The three other defendants, Sherry Burt, Tamerla Hamilton, and Michael Wilkinson (MDOC Defendants) filed a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 46.) The magistrate judge issued a report recommending both motions be granted in part and denied in part. (ECF No. 85.) Sedore filed objections. (ECF No. 86.) And, MDOC Defendants filed objections. (ECF No. 90.)

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

## II.

### A. Identification of Claims

To prepare the R&R, the magistrate judge reviewed Plaintiff's complaint, a "lengthy and disjointed narrative." (R&R at 2 PageID.1525.) The R&R sets forth a timeline of events giving rise to Plaintiff's claims. (*Id.* at 3-5 PageID.1526-28.) The magistrate judge then construed the complaint as raising twenty-one different federal claims or counts. (*Id.* at 6-8 PageID.1529-31.) As part of the R&R, the magistrate judge recommends the Court construe the complaint as raising only those twenty-one claims or counts.

This recommendation will be adopted. No party has objected this identification of counts provided in the R&R. Plaintiff has not objected by asserting that his complaint raised additional counts or that the R&R misconstrued any particular counts. Defendants have not objected by arguing that the R&R identified counts not pled in the complaint.

### B. State Law Claims

In addition to the twenty-one federal claims or counts, the magistrate judge identified four additional claims or counts brought under state law. (R&R at 25 PageID.1548.) The magistrate judge recommends the Court decline to exercise supplemental jurisdiction over Plaintiff's allegations that defendants (1) violated the Hippocratic Oath, (2) violated MDOC policies and procedures, (3) violated MDOC and civil service employee work rules, and (4) failed to apply Michigan's no-fault insurance laws relevant to his medical treatment.

Plaintiff objects (6th Objection). Plaintiff argues the issued are inextricable intertwined with the violations of his civil rights. Plaintiff also argues Defendants were acting under color of law when they violated these various obligations.

Plaintiff's objection is overruled and this recommendation will be adopted. Section 1983, 42 U.S.C. § 1983, provides a cause of action for individuals who have been deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of law. The statute covers "deprivations of *federal* statutory and constitutional rights. It does not cover official conduct that allegedly violates *state* law." *Huron Valley Hosp., Inc. v. City of Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989). A federal district court may choose to exercise supplemental jurisdiction over alleged violations of state law when those claims are so related to the federal claims that they form part of the same case or controversy. 28 U.S.C. § 1367. A district court has broad discretion when deciding whether to exercise supplemental jurisdiction over state law claims. *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010). Here, the parties and the Court have not yet invested significant time or resources in this litigation. Although some of factual issues may overlap, the proofs necessary for Plaintiff's state law claims would include facts and legal issues not necessary to resolve Plaintiff's federal claims.

## C. Exhaustion

The claims brought against the MDOC Defendants are alleged in Counts I, III, IV, XI, XII, XVI, XVII and XXI.[1] (R&R at 20 PageID.1543.) The magistrate judge recommends dismissing only Claims XI, XVII, and XXI for the failure to exhaust.

Plaintiff objects to the recommendations for Counts XI and XVII (5th Objection). The Court has reviewed Plaintiff's objections de novo and concludes that the magistrate judge accurately describes the record and correctly applies the law. Therefore, Plaintiff's objection is overruled and the recommendations to dismiss Counts XI and XVII will be adopted.

MDOC Defendants generally object to the recommendation not to dismiss all of the claims. The Court has reviewed MDOC Defendants' objections de novo. The Court agrees with MDOC Defendants that it is difficult to identify the claims in the complaint, that Plaintiff has filed multiple grievances, and that the sheer volume of documents makes proving the lack of exhaustion difficult. Nevertheless, that is MDOC Defendants' burden, which they have not met for the majority of the claims or counts identified by the magistrate judge. Importantly, MDOC Defendants did not address the list of counts identified in the R&R. Neither the MDOC Defendants use their objections to identify a failure to exhaust using the list of claims provided in the R&R. It is not Plaintiff's burden to prove that exhaustion was

---

[1] The R&R identifies the claims brought against MDOC Defendants in a list. Count XXI is not included in the list, but that count is discussed in this portion of the R&R and a recommendation for its disposition is included. Count VI, on the other hand, is included in the list, but is not discussed in this portion of the R&R and no specific recommendation is made regarding its disposition. The Court has considered the recommendation for Count XXI. The Court has not considered any recommendation for Count VI. No party raised a specific objection to the exhaustion recommendations for Counts VI and XXI. Defendants' general objection is addressed.

proper. Therefore, MDOC Defendants' objections are overruled and the recommendations concerning exhaustion will be adopted.

D. Plaintiff's Objections – Merits of Claims Against Corizon Defendants

1. First Amendment Retaliation

The magistrate judge recommends dismissing the retaliation claim because Plaintiff did not plead retaliation by the Corizon Defendants. Plaintiff objects (1st Objection).

Plaintiff's object is overruled and the Court will adopt the recommendation to dismiss any retaliation claim against Corizon Defendants. The Court has reviewed the objections de novo. The Court notes that Plaintiff did not object to the identification of the claims in the R&R, which undermines his objections here. Plaintiff cannot establish retaliation by Corizon Defendants based on his facility transfer in December 2016. The Sixth Circuit has held that a facility transfer allegedly because of complaints about medical treatment is not an adverse action that would deter a person of ordinary firmness from engaging in constitutionally protected conduct. *Hix v. Tennesseee Dept. of Corrs.*, 196 F. App'x 350, 358 (6th Cir. 2006). Also, Plaintiff has not sufficiently pleaded the causation element necessary to establish the connection between any alleged protected conduct and Corizon Defendants' decisions to withhold medical treatment or deny requested accommodations. *E.g., Jones v. Smith*, No. 1:10-cv-568, 2014 WL 1463873, at *5-*6 (W.D. Mich. Apr. 15, 2014).

2. Conspiracy

The magistrate judge recommends dismissing Plaintiff's conspiracy claim against Corizon Defendants for the failure to plead sufficient facts to support the claim. Plaintiff

objects (2nd Objection). The Court has reviewed the sections of the complaint to which Plaintiff refers in his objection.

Plaintiff's objection is overruled and the Court will adopt the recommendation and dismiss the conspiracy claim against Corizon Defendants. Having reviewed the objection de novo, the Court agrees with the magistrate judge that the allegations supporting the conspiracy claim are vague and conclusory and lack sufficient factual details. *E.g., Strayhorn v. Caruso*, No. 11-15216, 2013 WL 823297, at *3 (E.D. Mich. Feb. 7, 2013) (report and recommendation) *adopted* 2013 WL 822381 (E.D. Mich. Mar. 6, 2013).

3. ADA and RA Claims

The magistrate judge found that private health care providers cannot be held liable under the ADA and the RA and that statutes do not provide a cause of action against individual defendants. Plaintiff objects (3rd Objection).

Plaintiff's objection is overruled and the Court will adopt the recommendation and dismiss the ADA and RA claims against Corizon Defendants. The magistrate judge accurately summarized the relevant law.

4. Custom, Policy or Practice

The magistrate judge concluded that Plaintiff has not alleged a custom, policy or practice by Corizon. As a private corporation performing public functions, Corizon cannot be held liable on a theory of vicarious liability. Plaintiff objects (4th Objection).

Plaintiff's objection is overruled and the Court will adopt the recommendation and dismiss all claims against Corizon. Again, Plaintiff has not objected to the identification of the claims listed in the R&R. And, Plaintiff has not pleaded that the Corizon's alleged

custom, policy or practice was the driving force or cause of any specific deprivation of his constitutional rights.

III.

For these reasons, the Report and Recommendation (ECF No. 85) is **ADOPTED** as the Opinion of this Court. The resolution of each issue, defense and claim is set forth in pages 25 and 26 of the R&R (PageID.1548-49). Consistent with those specific recommendations, Corizon Defendants' motion to dismiss (ECF No. 39) is **GRANTED IN PART and DENIED IN PART**, and MDOC Defendants' motion for summary judgment (ECF No. 46) is **GRANTED IN PART and DENIED IN PART.**

**IT IS SO ORDERED.**

Date: April 16, 2018 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge